# IN THE SUPREME COURT OF THE STATE OF NEVADA

DENNIS KIEREN, JR.,
Appellant,
vs.
PAM FEIL, LAW LIBRARY
SUPERVISOR; MR. ROBERT
LEGRAND, WARDEN, LOVELOCK
CORRECTIONAL CENTER; AND
JAMES G. COX, DIRECTOR, NEVADA
DEPARTMENT OF CORRECTIONS,
Respondents.

No. 68341

FILED

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from an order of the district court denying a petition for a writ of mandamus. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Appellant Dennis Kieren, an inmate at Lovelock Correctional Center, filed a pro se petition for a writ of mandamus challenging the denial of notary services because he did not have identification with a signature. Kieren argued that respondent Pamela Feil was erroneously interpreting NRS 240.1655 as only allowing notary services when a person presents identification with a signature. In responding to the petition, the Attorney General reframed the argument as a constitutional challenge to the denial of meaningful access to the courts and argued that the claim was improperly raised in a petition for a writ of mandamus. The district court denied the petition, concluding that the claim should have been raised in a civil rights action. The district court further determined there was no arbitrary and capricious exercise of discretion in denying notary services to Kieren because Feil applied a rule generally applicable to all persons in Nevada. This appeal follows.

16-23592

Kieren first argues that the district court erred in determining that his claim was improperly raised in a petition for a writ of mandamus and should have been raised in a civil rights petition. Kieren argues that he did not raise a constitutional violation in his petition. We agree. Our review of the record demonstrates that Kieren did not raise a constitutional claim but was properly raising a claim involving the prison's interpretation of NRS 240.1655 and the subsequent denial of notary services. *See Intl Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion."); *see also* NRS 34.160.[1]

Kieren next argues that the district court erred in denying his claim that Feil has read NRS 240.1655 too narrowly as only allowing for notary public services where the individual presents identification with a signature. We conclude that the district court's denial of this claim based upon the general training Feil received is legally unsound as her training is irrelevant and does not address the question of whether Feil has arbitrarily and capriciously exercised her discretion by rejecting a notarial request where an inmate does not have identification with a signature. *See State v. Eighth Judicial Dist. Court (Armstrong),* 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (holding that an arbitrary or capricious

_____

[1]Kieren also argues that the district court abused its discretion in denying his request to file a reply. While the decision to allow a reply is discretionary, *see* NRS 34.260, it was an abuse of discretion not to allow a reply where the Attorney General reframed the claim raised in the petition to exclude it from the ambit of mandamus relief.

exercise of discretion is "one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law")(internal citation and quotation marks omitted)The Legislature has provided multiple methods by which a notary public may receive satisfactory evidence of identity, *see* NRS 240.1655(4), and the district court failed to consider whether any of the other means were available in this case.[2] The district court did not address whether it was feasible for the prison to provide Kieren identification with a signature. The district court further did not address whether NRS 208.165 provided a viable alternative to notarization in this case. Further, because the Attorney General's arguments below against issuance of the writ presented factual issues (for example, the process and costs of issuing new identification and whether there was anyone in prison able to vouch for Kieren's identity), we conclude that the district court erred in failing to conduct a hearing on the matter. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Cherry_____, J.
Cherry

_____Douglas_____, J.          _____Gibbons_____, J.
Douglas                                     Gibbons

---

[2]We are disturbed by the position argued below that every staff member is equally unable to affirm the identity of an inmate housed in the facility given the plethora of documents available to caseworkers and correctional officers regarding an inmate's identity.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Jim C. Shirley, District Judge
Dennis Keith Kieren, Jr.
Attorney General/Carson City
Pershing County Clerk